# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**September 2, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Dennis L. Sampson, Jr.,**
**Petitioner Below, Petitioner**

**vs)   No. 15-0446** (Mercer County 15-C-135)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dennis L. Sampson, Jr., pro se, appeals the April 30, 2015, order of the Circuit Court of Mercer County summarily denying his petition for a writ of habeas corpus. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel David A. Stackpole, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner shot and killed a woman following a drug deal in which petitioner alleges that he was "ripped off." Petitioner was indicted for first degree murder, attempted first degree murder, and first degree robbery. Petitioner and the State entered into a plea agreement pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure.[1] Petitioner agreed to plead guilty to first degree murder and the State agreed to dismiss the other two counts of the indictment. The parties agreed that the "appropriate disposition" of petitioner's case was a life sentence of incarceration with the possibility of parole after fifteen years.

---

[1] A plea agreement entered into pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure is known as a "C-type" agreement. *See State ex rel. Brewer v. Starcher*, 195 W.Va. 185, 191, 465 S.E.2d 185, 191 (1995).

At a March 11, 2010, hearing, the circuit court engaged petitioner in a plea colloquy pursuant to *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975). The circuit court inquired whether petitioner was offering his guilty plea of his own free will. Petitioner answered, "Of my own free will." Petitioner also answered "yes" when the circuit court asked if he was prepared to enter his plea. Thereafter, the circuit court read count one of the indictment that charged petitioner with first degree murder. Petitioner responded, "Guilty." The circuit court inquired, "[A]re you entering a plea of guilty because you are in fact guilty?" Petitioner answered, "Yes." The circuit court asked whether petitioner was entering his plea "freely and voluntarily." Petitioner responded, "Yes." Petitioner further responded that he wanted the circuit court to "accept" his guilty plea. The circuit court found that petitioner was pleading guilty "freely, voluntarily, intelligently, knowingly[,] and understandingly."

The circuit court also inquired whether petitioner was "satisfied with the manner in which your attorneys have represented you[.]" Petitioner responded, "Yes." The circuit court asked petitioner, "Do you feel like there is anything they have failed to do in representing you?" Petitioner answered, "No." Petitioner also indicated that he had no complaints about his representation. The circuit court found that petitioner was "totally satisfied" with his attorneys and noted that the attorneys were competent in criminal matters. Accordingly, the circuit court accepted petitioner's plea and adjudged him guilty of first degree murder.

Given the binding nature of his "C-type" plea agreement, petitioner wished to proceed to sentencing. Consistent with the terms of that agreement, the circuit court sentenced petitioner to a life term of incarceration with the possibility of parole. At the end of the hearing, the circuit court advised petitioner of the deadlines for appealing his conviction and sentence. The circuit court further advised that if petitioner could not afford an appellate attorney, such an attorney would be appointed for him "[u]pon proper application" to the court.

More than five years after the March 11, 2010, plea hearing, petitioner filed a petition for a writ of habeas corpus on April 13, 2015, in which he alleged that there was "a failure to file" an appeal where he "desired" to appeal. However, petitioner did not claim that he communicated any alleged desire to his trial attorneys. The circuit court denied the petition based upon a finding that petitioner's trial attorneys' appointment "did not include pursuing an appeal on his behalf." The circuit court explained that, at the plea hearing, it informed petitioner that he needed to request the appointment of an appellate attorney if he wished to appeal. The circuit court found that "[p]etitioner never sought the appointment of an attorney to pursue an appeal[.]" The circuit court also determined that the lapse of time between petitioner's plea hearing and the filing of his habeas petition indicated that he did not want to appeal at any point within the four months he had to do so. Moreover, the circuit court found that petitioner had no viable grounds to appeal because petitioner entered into a "C-type" plea agreement by which he voluntarily pled guilty to first degree murder—in exchange for the dismissal of the other counts of the indictment—and received the sentence to which he agreed and which was binding upon the court.

Petitioner now appeals the circuit court's April 30, 2015, order summarily denying his habeas petition. We apply the following standard of review in habeas appeals:

2

In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner makes an allegation that he did not include in his habeas petition—and that the record does not support—that he communicated a desire to appeal to his trial attorneys. Petitioner argues that his constitutional right to an appeal cannot be destroyed by his attorneys' inaction. *See* Syl. Pt. 8, *Rhodes v. Leverette*, 160 W.Va. 781, 239 S.E.2d 136 (1977). Respondent counters that the record shows that petitioner is not entitled to be resentenced to restart his appeal time under Rule 5(f) of the West Virginia Rules of Appellate Procedure and West Virginia Code § 58-5-4. We agree with respondent. The circuit court found that petitioner's trial attorneys' appointment "did not include pursuing an appeal on his behalf" and that "[p]etitioner never sought the appointment of an attorney to pursue an appeal." The circuit court further found that the lapse of five years between petitioner's plea hearing and the filing of his habeas petition indicated that he did not want to appeal at any point within the four months he had to do so.[2] These findings are supported by the record and are not clearly erroneous.

We also agree with the circuit court that petitioner has no viable grounds upon which to base an appeal. "A direct appeal from a criminal conviction based on a guilty plea will lie where an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence." Syl. Pt. 1, *State v. Holstein*, 235 W.Va. 56, 770 S.E.2d 556 (2015) (Internal quotations and citations omitted.). Petitioner states that he wants to appeal on both of these grounds. However, we find that the record reflects that petitioner entered his guilty plea "freely, voluntarily, intelligently, knowingly[,] and understandingly." We further find that petitioner's sentence was within statutory limits and not based on some impermissible factor. *See* Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). We note that, while petitioner has a life sentence, he is eligible for parole after fifteen years of incarceration as a result of the "C-type" plea agreement to which he agreed and which was binding upon the circuit court. Therefore, we conclude that the circuit court did not abuse its discretion in summarily denying petitioner's habeas petition.

For the foregoing reasons, we affirm the circuit court's April 30, 2015, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

---

[2]We find that petitioner's case is distinguishable from *Rhodes v. Leverette*, 160 W.Va. 781, 783, 239 S.E.2d 136, 139 (1977), because, in *Rhodes*, it was undisputed that "[the petitioner] instructed his attorney to take an appeal."

**ISSUED:** September 2, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4